IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MATTHEW W. BARNETT                                                          PETITIONER

v.                              CASE NO. 5:17-cv-00090 BSM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction and
ARKANSAS BOARD OF PAROLE                                                    RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Introduction**

Pending before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Matthew Barnett, an inmate in the Arkansas Department of Correction ("ADC").[1] Petitioner admittedly does not challenge his convictions but instead the fact and duration of his confinement. He alleges that the Arkansas Board of Parole ("APB") "failed to follow their own state laws, policy and procedures during his parole

---

[1] As noted by Respondents, Petitioner also incorporated the American with Disabilities Act to support his claim; however, the sole remedy for Petitioner's challenge to the duration of his confinement is the writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("*Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973) . . . held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]")

transfer to the Arkansas Department of Community Correction ["ADCC"]." Petition, DE #2, at 1. According to Petitioner, Respondents denied his transfer to ADCC and failed to, as required pursuant to Ark. Code Ann. § 16-93-615, accompany the denial with a "prescribed course of action to be undertaken by Petitioner to rectify the Parole Board's concerns."[2] *Id.* at 2. This denial, Petitioner contends, violated his due-process rights. Had the APB followed its own policies, procedures, and state law, Petitioner contends he would have been transferred to the ADCC upon completion of the prescribed course of action. *Id.* He requests this Court to order his immediate or speedier release from prison. *Id.* at 7.

Respondent, Wendy Kelley, concedes that Petitioner is in her custody but denies that he is entitled to any relief because his claim is not cognizable in federal habeas. Response, DE #6, at 2. Alternatively, Kelley contends the claim would be procedurally defaulted because Petitioner failed to fairly present it in state court. *Id.* at 5. In reply, Petitioner filed a Motion to Stay Proceedings or in the alternative waiver of the exhaustion requirement, DE

---

[2]The statute provides in part:

(2)(A) When one (1) or more of the circumstances in subdivision (a)(1) of this section are present, the Parole Board shall conduct a hearing to determine the appropriateness of the inmate for transfer.

(B) The Parole Board has two (2) options:

    (i) To transfer the individual to the Department of Community Correction accompanied by notice of conditions of the transfer, including . . .

    (ii) To deny transfer based on a set of established criteria and to accompany the denial with a prescribed course of action to be undertaken by the inmate to rectify the Parole Board's concerns.

#7, a Motion for Default Judgment against the Arkansas Parole Board, DE #9, and a reply to the response, DE #11. In the motion to stay, Petitioner claims that the APB has failed to respond and that it, not Wendy Kelley, is the proper Respondent, and he has not run out of time to submit his habeas petition to the state courts for review. DE #7, at 2-3. In the motion for default judgment, Petitioner seeks a default judgment against the APB for not responding to his petition and asks this Court to remedy the board's wrongs as alleged in the petition. In the reply, Petitioner reiterates applicable rules and regulations related to parole. He states that he is not complaining that he was denied parole or even a right to parole–only the denial of his right to receive a prescribed course of action to rectify the board's concerns for granting him parole. DE #11, at 4.

## Discussion

"A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 241(c), 2254(a). There is no federal constitutional interest in having state officials follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 44, 847 (8th Cir. 2003). Therefore, regardless of whether any state laws or Arkansas Parole Board policies have been violated, this Court is limited in determining whether a federal constitutional violation has occurred." *Rhodes v. Kelley*, 2016 WL 2865374, at *3 (E.D. Ark., April 22, 2016). "The Due Process Clause of the Fourteenth Amendment, not state law, governs the procedures which the state must follow in depriving petitioner of a substantive liberty interest." *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

4

The determination of parole eligibility is the province of the Department of Correction, *see Morris v. State*, 333 Ark. 466, 468, 970 S.W.2d 210, 211 (1998), and it is governed by the law in effect at the time the crime is committed. *Boles v. Huckabee*, 340 Ark. 410, 412, 12 S.W.3d 201, 202 (2000); *Woods v. Lockhart*, 292 Ark. 37, 39-40, 727 S.W.2d 849, 850-51 (1987). Inmates have no constitutional right or entitlement to parole, *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), and Petitioner is not complaining that he was denied parole or a right to parole. However, a protected liberty interest may be created by the statutes governing parole in a given jurisdiction if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Rhodes*, 2016 WL 2865374, at *3 (citing *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008)). Arkansas parole statutes, however, "do not create a protectable liberty interest in discretionary parole decisions." *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007).

Petitioner here focuses his petition on the statute's language requiring the ABP, once an inmate convicted of certain offenses reach his parole eligibility date, to parole the inmate or deny parole and prescribe a "course of action" for the inmate. Thus, in essence, Petitioner's sole argument is that he has a liberty interest in having the state follow state law, and "the Due Process Clause does not federalize state-law procedural requirements." *Kennedy v. Blankenship*, 100 F.3d at 643. Because parole in Arkansas is discretionary, the language of the statute does not require or mandate that the APB take any action. "Despite using ostensibly 'non-discretionary' or 'mandatory' language, the statute and regulatory

scheme, as a whole, merely creates the *possibility* for early release based on the Boards's opinion regarding a particular individual." *Rhodes*, 2016 WL 2865374, at *4. (emphasis in original) Thus, because there is no liberty interest in having the state follow its own rules, Petitioner's claim must fail, and the undersigned recommends that this petition be denied and dismissed with prejudice.

**Conclusion**

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus (DE # 2) be denied, with prejudice, and that all pending motions be denied as moot. It is further recommended that a certificate of appealability be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED this 24th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE